# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MOORE,<br><br>  Petitioner,<br><br>  v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>  Respondent. | Case No. 1:23-cv-01065-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES |

Petitioner is currently detained at the Kings County Jail and proceeding pro se with a petition for writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas petitions are subject to an exhaustion requirement—either a judicially-created prudential one under 28 U.S.C. § 2241, Dominguez v. Kernan, 906 F.3d 1127, 1135 n.9 (9th Cir. 2018), or a statutory one under 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1

to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of her claims. The petition states that the claims were raised in the Kings County Superior Court. (ECF No. 1 at 2).[2] It is possible that Petitioner also presented her claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of her claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

Accordingly, Petitioner is hereby ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **July 19, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

2