# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MOORE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:23-cv-01065-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY STAY AND DISMISS PETITION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

　　　　Petitioner is currently detained at the Kings County Jail and proceeding pro se with a petition for writ of habeas corpus.

　　　　On July 17, 2023, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On July 20, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 4.) On August 14, 2023, Petitioner filed her response. (ECF No. 5.)

　　　　Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1

Habeas petitions are subject to an exhaustion requirement—either a judicially-created prudential one under 28 U.S.C. § 2241, Dominguez v. Kernan, 906 F.3d 1127, 1135 n.9 (9th Cir. 2018), or a statutory one under 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

The petition states that the claims were raised in the Kings County Superior Court. (ECF No. 1 at 2.)[2] In her response to the order to show cause, Petitioner states that she submitted a habeas corpus petition to the California Court of Appeal, Fifth Appellate District and has not received a response as of August 9, 2023. (ECF No. 5.) As it appears Petitioner has not sought relief in the California Supreme Court, the petition is unexhausted and the Court cannot proceed to the merits of her claims. 28 U.S.C. § 2254(b)(1).

In the response to the order to show cause, Petitioner contradictorily requests that the instant petition "is not proceeded with until [Petitioner] ha[s] exhausted [her] remedies with both the Appellate Court and Supreme Court" while also "request[ing] the lawsuit to move forward and this court to move the Superior Court to release [Petitioner] immediately." (ECF No. 5.) The Court construes this language as a request to stay the instant proceeding while Petitioner exhausts her state judicial remedies. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and motions liberally).

Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. Under Kelly v. Small, 315 F.3d 1063

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  (9th Cir. 2002), a three-step procedure is used: (1) the petitioner amends his petition to delete any
2  unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition,
3  and holds it in abeyance while the petitioner has the opportunity to proceed to state court to
4  exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the
5  petitioner may return to federal court and amend his federal petition to include the newly
6  exhausted claims. Kelly, 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court
7  (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)).

8      Here, Petitioner does not allege good cause for her failure to exhaust. Accordingly,
9  Petitioner is not entitled to a Rhines stay. Although Kelly "does not require that a petitioner show
10 good cause for his failure to exhaust state court remedies," King v. Ryan, 564 F.3d 1133, 1135
11 (9th Cir. 2009), the Kelly procedure is only available for mixed petitions that contained both
12 exhausted and unexhausted claims given that the second step requires the Court to stay and hold
13 in abeyance an amended, fully exhausted petition. Here, the petition is completely unexhausted.
14 Accordingly, Petitioner is not entitled to a Kelly stay, and the petition should be dismissed
15 without prejudice for failure to exhaust state court remedies.

16     Based on the foregoing, the Court HEREBY RECOMMENDS that:

17   1. Petitioner's request for a stay (ECF No. 5) be DENIED; and

18   2. The petition for writ of habeas corpus be DISMISSED without prejudice.

19     Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
20 Judge.

21     This Findings and Recommendation is submitted to the assigned United States District
22 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
23 Rules of Practice for the United States District Court, Eastern District of California. Within
24 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
25 written objections with the court and serve a copy on all parties. Such a document should be
26 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
27 District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
28 § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time

1  may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834,
2  839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 2, 2023**

UNITED STATES MAGISTRATE JUDGE