**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINA MOORE,<br><br>        Petitioner,<br><br>    v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>        Respondent. | No. 1:23-cv-1065-JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 7) |

Christina Moore is proceeding *pro se* with a petition for writ of habeas corpus. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge issued Findings and Recommendations, finding Petitioner did not exhaust her state judicial remedies. (Doc. 7 at 1-3.) To the extent Petitioner requested a stay, the magistrate judge found she was not entitled to one, as Petitioner did not demonstrate good cause and the petition was completely unexhausted. (*Id.* at 2-3, citing *Rhines v. Weber*, 544 U.S. 269 (2005), *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).) Therefore, the magistrate judge recommended Petitioner's motion to stay be denied and the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state judicial remedies. (*Id.* at 3.) The Court

served the Findings and Recommendations on Petitioner and notified him that any objections were to be filed within 30 days after service.[1] (*d.* at 3.) The Court also informed Petitioner was that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 3-4, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Petitioner did not file objections, and the time for doing so passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court performed a *de novo* review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendation to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In this case, the Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 3, 2023 (Doc. 7) are **ADOPTED** in full.
2. Petitioner's motion to stay (Doc. 5) is **DENIED**.

---

[1] The Findings and Recommendations were signed on October 2, 2023, and served on October 3, 2023.

3. The petition for writ of habeas corpus is **DISMISSED** without prejudice.

4. The Clerk of Court is directed to close the case.

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **December 7, 2023**

UNITED STATES DISTRICT JUDGE